992 F.2d 1222
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shawn BLITZ, Plaintiff-Appellant,
v.
Dan WYCKOFF, John Blea, John Wyckoff, and other presently
unknown employees of the Denver Police Department, Ray
Wells, and other presently unknown Auraria Public Safety
Officers, Defendants-Appellees.
 No. 92-1312.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 On June 28, 1990, several children in Denver, Colorado, reported to police that they had observed a man abduct a baby. When Plaintiff passed by on the street, the children identified him as the man they had seen. Plaintiff was arrested, but he was released when police could find no evidence that a kidnapping had actually occurred.
 
 
 3
 Plaintiff brought this civil rights action arising out of his arrest. The district court granted Defendants' motion for summary judgment based on qualified immunity, and Plaintiff appeals. We affirm.
 
 
 4
 * Plaintiff argues that the trial court erred in granting the motions for summary judgment without giving Plaintiff an opportunity to obtain counsel. This action took over twelve months to fully resolve. Summary judgment was only finally granted as to all Defendants in May 1991, while Plaintiff indicated that he needed new counsel as early as January 1991. We find no abuse of discretion in the district court's scheduling of this matter.
 
 II
 
 5
 Plaintiff argues that the district court erred in granting summary judgment because there were material issues of fact in dispute. Specifically, Plaintiff argues that there was evidence to show that Defendants acted on information that they knew to be false. However, despite being given repeated opportunities to submit evidence to the district court, Plaintiff did not submit any affidavits or exhibits. His only responses were two pages of unsworn, conclusory arguments. Under the Fed.R.Civ.P. 56, the district court was entitled to base its ruling on the uncontroverted facts in Defendants' motion.
 
 
 6
 Plaintiff argues that he attempted to introduce evidence at a March 4, 1992 status conference. However, the transcript of that proceeding shows that the district court gave Plaintiff a week to submit any further evidence he might have. Plaintiff submitted no such evidence. Plaintiff was not entitled to try his case at the status conference, and should have submitted any evidence he had, by affidavit or exhibit, to the district court as instructed.
 
 III
 
 7
 Plaintiff argues that the district court erred in determining that, because a reasonable officer would have believed that there was probable cause to arrest Plaintiff, qualified immunity was appropriate. As noted above, Plaintiff presents allegations on appeal which were not properly presented to the district court. Reviewing the facts as presented to the district court, we conclude that qualified immunity was appropriate for the reasons given by the trial court.[1]
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff's primary new allegation is that he does not fit the description given to police of the alleged kidnapper. Nevertheless, Plaintiff does not dispute the defense contention that Plaintiff was specifically identified on the street as the alleged perpetrator. Thus, even if we were to consider Plaintiff's claim that he did not fit the initial description given to police, we would not alter our conclusion that the district court did not err in concluding that a reasonable officer would believe he had probable cause to arrest Plaintiff